RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3443-15T2

A.R.,

 Plaintiff-Respondent,

 v.

R.H.,

 Defendant-Appellant.
_______________________________________________________

 Submitted June 19, 2017 – Decided July 10, 2017

 Before Judges Fisher and Fasciale.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Passaic County, Docket No. FV-16-001387-16.

 Banks Law Offices, LLC, attorneys for
 appellant (James Harrison Banks, on the
 brief).

 Respondent has not filed a brief.

PER CURIAM

 Plaintiff commenced this action, pursuant to the Prevention

of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, based on an

allegation that defendant threatened her on Valentine's Day in

2016. At the conclusion of a final hearing at which only the
parties testified,1 the judge rendered findings of fact and entered

a final restraining order (FRO).

 Defendant appeals, arguing:

 I. PLAINTIFF FAILED TO PROVE BY A
 PREPONDERANCE OF CREDIBLE EVIDENCE THAT
 [DEFENDANT] ENGAGED IN TERRORISTIC THREATS.

 II. AN [FRO] IS NOT NECESSARY IN ORDER TO
 PROTECT [PLAINTIFF].

We find insufficient merit in these arguments to warrant discussion

in a written opinion. R. 2:11-3(e)(1)(E). We add only the following

brief comments.

 Our standard of review requires deference to findings of fact

that are based on "adequate, substantial, credible evidence"; that

is "especially" true when, as here, "'the evidence is largely

testimonial and involves questions of credibility.'" Cesare v.

Cesare, 154 N.J. 394, 412 (1998) (quoting In re Return of Weapons

of J.W.D., 149 N.J. 108, 117 (1997)). Such findings become binding

on appeal because it is the trial judge who "sees and observes the

witnesses," thereby possessing "a better perspective than a

reviewing court in evaluating the veracity of witnesses." Pascale

v. Pascale, 113 N.J. 20, 33 (1988) (quoting Gallo v. Gallo, 65

N.J. Super. 1, 5 (App. Div. 1961)). We, therefore, will not disturb

1
 Plaintiff represented herself; defendant was represented by
counsel.

 2 A-3443-15T2
a judge's factual findings unless convinced "they are so manifestly

unsupported by or inconsistent with the competent, relevant and

reasonably credible evidence as to offend the interests of

justice." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65

N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78

N.J. Super. 154, 155 (App. Div. 1963)).

 After considering the parties' testimony, the judge found

plaintiff to be a "very credible" witness; he did not find

defendant credible. The judge determined – not only because of

plaintiff's credible testimony about defendant's threat but also

because of the illumination provided by defendant's earlier

menacing accusations in other arguments between the parties that

were recorded and played at trial – that defendant's angry

exclamation to plaintiff on February 14, 2016, that he would "fuck

her up," constituted a terroristic threat within the meaning of

N.J.S.A. 2C:12-3(a). We find no principled reason for second-

guessing this determination.

 After careful examination of the record, we also are satisfied

that this same evidence more than amply supported the judge's

determination that plaintiff was in need of an FRO to protect her

 3 A-3443-15T2
from further domestic violence. Silver v. Silver, 387 N.J. Super.

112, 126-27 (App. Div. 2006).2

 Affirmed.

2
 With the finding of a predicate act, there could be no dispute
that plaintiff met the definition of "victim of domestic violence,"
N.J.S.A. 2C:25-19(d), because the parties had a child in common.
In fact, the threat in question, as well as prior arguments
described in the record, arose from disputes about parenting time.

 4 A-3443-15T2